No. 346

HIGHWAY CONST. CO. v. N. Y. C. R. R. CO.

Ohio Appeals, 9th Dist., Lorain Co.

No. 394. Decided April 29, 1927

659. INTERSTATE COMMERCE COMMISSION—A railroad company cannot charge and collect demurrage except as prescribed by the rules of the Interstate Commerce Commission; and to make a consignee liable for same, the conditions precedent prescribed by the Commission must be followed.

First Publication of this Opinion

PARDEE, J.

Suit was instituted in the Lorain Common Pleas by the New York Central .R. R. Co. against the Highway Construction Co. to recover demurrage charges on twenty freight cars. The issues were submitted to the court, and the Construction Co. admitted that demurrage charges against three of the twenty cars were correct, and offered to confess judgment for the amount of such demurrage. After hearing, the Court found in favor of the Railroad Co. for the full amount claimed by it and judgment was rendered in its favor.

It seems that the seventeen cars for which the charges are contended were shipped over the N. Y. C. R. R. Co. to be delivered to the B. & O. R. R. Co., by it to be delivered to the Construction Co. on a private switch leased to the Construction Co. within the switching limits of the B. & O. R. R. Co. It was agreed that the leased switch was full during the period for which demurrage was claimed and that the B. & O. refused to accept the cars because it was unable to place them on said switch.

Demurrage charges were mailed to the Construction Co. but none were mailed to the B. & O. and it is contended that the failure to send such notice to the B. & O. bars any claim the N. Y. C. R. R. might have for demurrage; and that the demurrage rules contemplate a charge from the connecting line to the switching line and from the switching line to the consignee and not a direct charge from the connecting line to the consignee.

The N. Y. C. R. R. Co. claims that it gave notice to the Construction Co. and such notice was sufficient upon which to base the claim set forth in its petition. The Court of Appeals upon error proceedings held:

1. Rules promulgated by the Interstate Commerce Commission, so long as they are in force, have the effect of laws passed by the general assembly and are binding upon the carrier and shipper alike. 107 OS. 328.

2. The National Car Demurrage Rules, Rule 5, Section A-2 provides:—"On a car to be delivered to a switching line for final delivery and which consignee located on switching line is unable to receive from this railroad, notice will be sent or given the switching line showing point of shipment, car initials and numbers, contents and consignee and if transferred in transit, the numbers and initials of the original car."

3. The evidence shows that the B. & O. was the switching line which was to place the cars upon the private switch of the Construction Co. and which railroad under the above quoted rule, was the one to be notified by the N. Y. C. R. R. Co. of its readiness to deliver said cars; and this admittedly was not done.

4. Under rule 3 it then became the duty of the B. & O. R. R. Co. to notify the consignee, and this also admittedly, was not done.

5. A railroad company cannot charge and collect demurrage except as prescribed by the rules of the Commission, and to make a consignee liable, the conditions precedent prescribed by the Commission must be followed.

6. The N. Y. C. R. R. Co. cannot therefore recover demurrage charges for the seventeen cars based on the notices given.

Judgment reversed with directions to enter judgment in favor of Railroad Co. upon Construction Company's offer to confess judgment.

(Washburn, PJ., & Funk, J., concur.)

Attorneys—Fauver & Fauver for Construction Co.; H. C. Johnson for Railroad; all of Elyria.